# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | |
| *JOHN NIKKI ROGERS, III* | CASE NUMBER: MJ-25-04198-PCT-CDB |

I, David Delio, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## COUNT 1

On or between January 1, 2021 and January 31, 2022, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, did knowingly engage in and attempt to engage in a sexual act with the victim, S.M., without the victim's consent and through coercion. The sexual act involved contact between the defendant's penis and the victim's anus, upon penetration, however slight. This references the last time disclosed by the victim.

In violation of Title 18, United States Code, Sections 1153, 2242(3) and 2246(2)(A).

## COUNT 2

On or between June 30, 2018 and February 28, 2021, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, did knowingly engage in and attempt to engage in a sexual act with the victim, S.M., by using force against him. The sexual act involved contact between the defendant's penis and the victim's anus, upon penetration, however slight. This references the second time when they were cooking dinner.

In violation of Title 18, United States Code, Sections 1153, 2241(a)(1) and 2246(2)(A).

## COUNT 3

On or between June 30, 2018 and February 28, 2021, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, under circumstances unlikely to produce death and serious physical injury, intentionally and knowingly

caused the victim, S.M., a child under the age of 18, to suffer physical injury and abuse. This references the physical abuse associated with Count 2.

In violation of Title 18 United States Code, Section 1153 and Arizona Revised Statutes, Sections 13-3623(B)(1) and 13-702.

### COUNT 4

On or between June 30, 2017 and June 29, 2019, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, did knowingly engage in a sexual contact with the victim, S.M., a child who had attained the age of 12 but had not attained the age of 16 and who was at least 4 years younger than defendant. The sexual contact involved intentional touching, directly and through the clothing, of the victim's genitalia and groin, with the defendant's hand, with an intent to abuse, humiliate, harass and/or degrade the victim and arouse and gratify the sexual desire of the defendant. This references the first time disclosed by the victim.

In violation of Title 18, United States Code, Sections 1153, 2244(a)(3) and 2246.

### COUNT 5

On or between June 30, 2020 and June 29, 2021, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, under circumstances unlikely to produce death and serious physical injury, intentionally and knowingly caused the victim, S.M., a child under the age of 18, to suffer physical injury and abuse. This references when the defendant stood on the victim's legs and made his knee overextend.

In violation of Title 18 United States Code, Section 1153 and Arizona Revised Statutes, Sections 13-3623(B)(1) and 13-702.

### COUNT 6

On or between July 23, 2022 and July 22, 2023, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, JOHN NIKKI ROGERS, III, an Indian, did intentionally and knowingly assault the victim, John Doe, with a dangerous weapon, that is, a cane and a bottle, with the intent to do bodily harm.

In violation of Title 18, United States Code, Sections 1153 and 113(a)(3).

### COUNT 7

On or between July 23, 2022 and July 22, 2023, in the District of Arizona, within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country,

the defendant, JOHN NIKKI ROGERS, III, an Indian, did intentionally, knowingly and recklessly assault the victim, John Doe, a child under the age of 16, resulting in substantial bodily injury.

**In violation of Title 18, United States Code, Sections 1153 and 113(a)(7).**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts: **See attached Affidavit incorporated herein.**

Continued on an attachment sheet and made a part hereof: ☒ Yes   ☐ No

REVIEWED BY: _AUSA Dimitra H. Sampson_

__X__ Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct.

David Delio, Special Agent, FBI
Complainant's Name and Title

DAVID DELIO
Digitally signed by DAVID DELIO
Date: 2025.05.23 11:50:41 -07'00'
Complainant's Signature       Date

__X__ Sworn by Telephone

May 23, 2025
Date/Time

Flagstaff, Arizona
City and State

Camille D. Bibles, U.S. Magistrate Judge
Name & Title of Judicial Office

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2025.05.23 14:54:37 -07'00'
Signature of Judicial Officer

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

## ELECTRONICALLY SUBMITTED AFFIDAVIT

I, FBI Special Agent David Delio, state under oath as follows:

1. I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and I have been so employed since September 2019. Your affiant has approximately five years of experience as a sworn federal law enforcement officer. I am currently assigned to the FBI Phoenix Division, Lake Havasu City Resident Agency. My primary duties include the investigation of violent crimes committed in Indian Country, including sexual assaults, child sexual assaults, and child abuse.

2. The information contained in this affidavit is based upon my personal knowledge, training, and experience, as well as information provided to me by other law enforcement officers and/or witnesses including those listed herein. Because this affidavit is made to establish probable cause, I have not listed every fact known regarding this investigation.

## Introduction

3. This case involves the child sexual abuse and child physical abuse of victim 1 (hereinafter referred to as S.M.) when he was a minor, as well as the child physical abuse of juvenile victim 2 (hereinafter referred to as John Doe) by John Nikki Rogers, III (ROGERS). The child sexual assaults and child physical abuses

occurred at ROGERS' residence, in Poston, AZ, which is within the exterior boundaries of the Colorado River Indian Tribes (CRIT) Indian Reservation, a Federally recognized Indian Tribe. The abuses occurred over the span of several years. As set forth further below, ROGERS sexually and physically abused S.M. and physically abused John Doe in violation of 18 U.S.C. §§ 1153, 2242(3) and 2246(2)(A), 2241(a)(1) and 2246(2)(A), A.R.S. 13-3623(B)(1) and 702, 113(a)(3) and 113(a)(7).

## Investigation/Probable Cause

4.     On January 28, 2025, your affiant received a call from the CRIT Police Department (PD) Criminal Investigator (CI) Ricardo Corral regarding a report made to CRIT PD of possible child sexual assaults. S.M. reported to CRIT Social Services that he had been sexually assaulted by ROGERS while residing at ROGERS' house, as a juvenile. S.M.'s juvenile cousin, John Doe, also reported to CRIT Social Services that he was being physically abused by ROGERS. S.M. was uncertain if John Doe was also being sexually abused by ROGERS. The assaults occurred at ROGERS' residence, on the reservation, and ROGERS, S.M., and John Doe were all enrolled members of the CRIT.

5.     On February 6, 2025, your affiant conducted a recorded interview of S.M.; also present during the interview was CI Corral. The interview took place at S.M.'s residence. During the interview, S.M. provided the following information:

2

a. S.M. was physically and sexually abused by ROGERS while living with ROGERS. S.M.'s cousin, John Doe, was also physically assaulted by ROGERS; S.M. was not sure if John Doe was also sexually abused by ROGERS. S.M. was sexually abused by ROGERS three times, over a long span of time; each time S.M.'s father was not present to witness the abuses. All the abuses occurred at ROGERS' residence in Poston, AZ.

b. The last time ROGERS sexually assaulted S.M. was around January 2022, or possibly December 2021. S.M. came home from school and was in his bedroom. While S.M. was falling asleep, ROGERS came into S.M.'s room and started grabbing him over his clothes. ROGERS then took off S.M.'s clothes and began anally raping him. The rape went on for about six minutes. During the rape, ROGERS' penis was penetrating S.M.'s anus. S.M. was crying during the rape. These facts form the basis for Count 1 of the Complaint.

c. The second time ROGERS assaulted S.M. was in the winter of 2020. S.M. thought he was about fourteen or fifteen years old (although given his date of birth, he would have probably been 16 years old at that time). S.M. was cooking dinner and ROGERS wanted S.M. to cook him food as well. ROGERS told S.M. that he wanted to talk with him. ROGERS took S.M. into the bedroom and started to

"wail" on him, physically beating S.M. with his fists. ROGERS then took off S.M.'s pants and raped him. Once again, ROGERS penetrated S.M.'s anus with ROGERS' penis. These facts form the basis for Counts 2 and 3 of the Complaint.

d. S.M. didn't really remember the first time ROGERS assaulted him. S.M. was 13 or 14 years old when ROGERS groped his crotch over the clothes. ROGERS did not penetrate him that time. These facts form the basis for Count 4 of the Complaint.

e. S.M. saw ROGERS hit John Doe a few times. Once, ROGERS hit John Doe with a cane and pushed the cane into John Doe's eye; John Doe was 13 or 14 when this happened. S.M. didn't see ROGERS hit John Doe with the cane, but he saw John Doe's injury afterward.

f. When S.M. was 16, ROGERS stood on S.M.'s leg, with his full bodyweight, causing S.M.'s knee to overextend and pop. S.M. had a hard time walking for a week. S.M. never received medical attention for any of the abuses suffered from ROGERS. These facts form the basis for Count 5 of the Complaint.

6. On February 7, 2025, FBI Child and Adolescent Forensic Interviewer (CAFI) Bernadette Yupit-Martinez conducted a recorded forensic interview of 16-year-old John Doe. The forensic interview took place at the FBI Lake Havasu City

Resident Agency. During the interview, John Doe provided the following information:

    a. John Doe described being consistently physically abused by his uncle, ROGERS. The abuse took place while John Doe was placed in ROGERS' care at ROGERS' home in Poston, AZ. John Doe denied being a victim or witnessing any sexual abuse.

    b. John Doe was placed with ROGERS from the age of 11 to the age of 16. ROGERS adopted John Doe. ROGERS would abuse John Doe nearly every day. The abuse took place when ROGERS was drunk and when he was sober. John Doe also described witnessing ROGERS physically abuse his cousin, S.M. ROGERS would strike John Doe with open hands (slap) closed fist (punch) and hit him with a black metal cane that he kept in his closet. ROGERS' mother had beat ROGERS with the cane when he was young.

    c. John Doe advised that his friends and Aunt, W.M., knew about the abuse. They asked John Doe about his injuries and John Doe told them about the abuse. W.M. confronted ROGERS about the abuse and ROGERS then told John Doe he was not allowed to go to W.M.'s house for a while. ROGERS told John Doe that if he told Child Protective Services or anyone about the abuse, ROGERS would take John Doe home and beat him.

    d. John Doe described the following individual incidents of abuse:

        i. John Doe advised when he was 14 years old, both he and S.M. were physically abused by ROGERS in ROGERS' house. S.M. and John Doe had made hamburgers and had brought a hamburger to ROGERS. ROGERS was drunk. ROGERS became angry and accused the boys of eating his hamburger bun, even though they had not. They were in the hallway of the house when ROGERS accused them. The boys each went to their separate bedrooms. ROGERS went into S.M.'s room. John Doe threw a glass and broke it. He could hear ROGERS physically assaulting S.M. S.M. had bruises and cuts everywhere after ROGERS assaulted him. ROGERS then came into John Doe's room. John Doe was on his bed. ROGERS took a bottle of John Doe's cologne and threw it at him, striking him in the side of the head. ROGERS then struck John Doe with slaps and punches, striking him in the head, face and torso. ROGERS then went to S.M.'s room and got ROGERS' cane. ROGERS came back into John Doe's room and assaulted him with the cane. ROGERS hit John Doe in the head, torso and legs. John Doe had a bloody nose and bruises on the side of his head, torso, and leg from the

      assault. When John Doe was struck in the head, he felt like he had, "brain damage." John Doe felt dizzy, like he was going to throw-up or faint. These facts form the basis for Counts 6 and 7 of the Complaint.

ii. During the second incident John Doe described, he had gotten out of the shower and ROGERS told him to sit on the couch. ROGERS confronted him about getting in trouble at school. ROGERS then started beating on him, using his bare knuckles. John Doe's grandma, who is now deceased, told ROGERS to stop.

iii. The third incident described by John Doe took place when ROGERS was sober. ROGERS came into John Doe's bedroom and demanded his cellphone. ROGERS hit John Doe with his bare fists. ROGERS hit him in the head, side and ribs. ROGERS also pushed him into a brick wall, causing John Doe to hit his head on the wall. John Doe could not breathe after ROGERS struck him in the ribs; he was gasping for air. John Doe felt as though he had a broken bone and it hurt. John Doe was crying and then ROGERS stopped. John Doe ran away from home the next day.

  iv. John Doe said S.M. left ROGERS' house in 2021. On one occasion, ROGERS threw hot grease in S.M.'s face. ROGERS had been using the grease to cook tacos.

7. On February 19, 2025, your affiant conducted a recorded interview of W.M. Also present during the interview was CI Corral. The interview took place at W.M.'s residence. W.M. provided the following information during the interview:

  a. ROGERS would drop John Doe off at W.M.'s house, without saying anything to W.M. John Doe told W.M. that he was usually left to stay alone while at ROGERS' residence; ROGERS would be gone from the home for several days drinking. About two weeks prior to the investigator's interview with W.M., or more, John Doe had a swollen lip; John Doe told W.M. that John had slapped him or something, causing the swollen lip.

  b. John Doe had injuries to his ribs in the past; he reported to W.M. that it was hard for him to breathe, due to the rib injuries. He said the rib injuries were from football. W.M. could not recall when this was. John Doe would tell W.M. that he did not want to stay with ROGERS and that he wanted to stay with W.M. W.M. would tell him that her house was already full; whenever John Doe would sleep at W.M.'s house, he would have to sleep on the floor.

8. On March 31, 2025, your affiant, along with CI Corral, conducted an audio recorded, non-custodial, interview of ROGERS at ROGERS' residence. During the interview, ROGERS provided the following information:

   a. ROGERS did not hit or sexually assault either S.M. or John Doe. ROGERS did not hit them with a cane; he had gotten rid of most of his canes. He had one black cane.

   b. ROGERS would punish them by taking phones away or lightly hitting them. ROGERS had also spanked them, for punishment.

## Conclusion

Based on the foregoing, I believed that there is probable cause to support that John Nikki Rogers, III has violated 18 U.S.C. §§ 1153, 2242(3) and 2246(2)(A), 2241(a)(1) and 2246(2)(A), A.R.S. 13-3623(B)(1) and 702, 113(a)(3) and 113(a)(7). A warrant for John Rogers III arrest is respectfully requested.

**Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.**

Executed on: May 23, 2025

DAVID DELIO
Digitally signed by DAVID DELIO
Date: 2025.05.23 11:49:20 -07'00'

David Delio, Special Agent, FBI

X Sworn by Telephone

Date/Time: May 23, 2025

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2025.05.23 14:53:34 -07'00'

Camille D. Bibles
United States Magistrate Judge

9